NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3405
_____

CARLOS IVAN LOJA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-445-094)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

Opinion filed: October 26, 2010
_____

OPINION
_____

PER CURIAM.

Carlos Ivan Loja, a native and citizen of Ecuador, entered the United States

in September 1995.  In 2006, Loja was charged with removability pursuant to

Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]

(present without being admitted or paroled).  Loja conceded that he was removable, but

applied for cancellation of removal under INA § 240A [8 U.S.C. § 1229b], contending that his removal would cause an exceptional and extremely unusual hardship to his United States citizen children, Erica (born in 2001) and Brenda (born in 2004).

Loja claimed that Erica was born with a hole in her heart, which was surgically repaired when she was six months old. Although the doctor advised that Erica's condition would need to be monitored, she had not been examined with regard to her heart problem since she was eight months old. Loja stated that Erica has not had further problems with her heart, but that sometimes she "feels very tired" after playing. Erica also began having dental problems when she was between four and five years old. The most extensive treatment, including "filling in" Erica's teeth and a root canal, began about three months prior to the hearing. Loja's other daughter, Brenda, had to have dental care as well because one of her teeth was "darkened all around."

One week before Loja's scheduled hearing before an Immigration Judge ("IJ"), Loja's attorney attempted to submit a witness list and documentary evidence, including dental records which described Erica's treatment. The IJ refused to admit the evidence because it was not submitted within 10 days of the hearing. See 8 C.F.R. § 1003.31(c) (authorizing IJs to set filing deadlines and to deem opportunity to file applications and related documents abandoned when deadlines not met). The IJ noted that the hearing had been adjourned previously so that evidence about Erica's dental treatment could be gathered. In addition, the IJ decided not to wait to take telephonic testimony from the dentist, whose name was on the late-filed witness list and who was

2

with a patient when the IJ called.

The IJ denied relief, concluding that although Loja was otherwise qualified for cancellation, "[t]he degree of hardship [here] . . . is not a degree of hardship that would surprise anyone as being unique or unusual in this Court's view." Loja appealed to the Board of Immigration Appeals ("BIA"), arguing that the IJ failed to fully consider and properly weigh the evidence and that the IJ improperly excluded documentary evidence and testimony, "interjected his own medical opinion," and was biased. The BIA rejected these contentions. It concluded that the IJ had specifically considered the relevant hardship factors (including the children's medical conditions), that the IJ did not abuse his discretion in enforcing a filing deadline or refusing to hear the dentist's telephonic testimony, that the IJ's assessment of the children's medical condition was not a medical finding, and the record did not support Loja's claim that the IJ was biased, abandoned his neutrality, or acted as an advocate. Loja filed a timely petition for review.

We have jurisdiction pursuant to INA § 242.[1] "[W]hen the BIA both

---

[1] The Government filed a motion to dismiss, arguing that INA § 242(a)(2)(B)(i) [8 U.S.C. § 1252(a)(2)(B)(i)] removes our jurisdiction over the Board's discretionary decision regarding the hardship determination under INA § 240A. To obtain cancellation of removal, an applicant must show, among other things, that removing him would cause exceptional and extremely unusual hardship to his spouse, child, or parent who is a United States citizen or lawful permanent resident. See INA § 240A(b)(1)(A)-(D). In this case, the IJ found that Loja did not demonstrate such hardship, and the Government correctly argues that we do not have jurisdiction to review that determination. See INA § 242(a)(2)(B); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). We nevertheless retain jurisdiction to review constitutional claims or questions

3

adopts the findings of the IJ and discusses some of the bases for the IJ's decision, [this Court has] authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). The decision to exclude evidence for failure to meet a filing deadline is reviewed for abuse of discretion. See Dedji v. Mukasey, 525 F.3d 187, 191-92 (2d Cir. 2008).

Loja argues that he "was deprived of his right to a full and fair hearing, particularly his right to present the best evidence he had regarding his child's unusually severe dental problems and ongoing treatment, and, without this evidence of hardship, his case was deeply prejudiced and [he] was denied due process of law." Pet'r's Br., 14. Due process requires that an alien be provided with a full and fair hearing and a reasonable opportunity to present evidence. See Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006); see also INA § 240(b)(4)(B) [8 U.S.C. § 1229a(b)(4)(B)] (providing that an "alien shall have a reasonable opportunity . . . to present evidence on the alien's own behalf."). An IJ has discretion to set deadlines for the submission of documents. See 8 C.F.R. § 1003.31(c) ("The Immigration Judge may set and extend time limits for the filing of applications and related documents."). When a document has been deemed untimely filed, the "opportunity to file that . . . document shall be deemed

of law raised in a petition for review. See INA § 242(a)(2)(D); Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). Here, Loja presents a question of law in arguing that the IJ violated his due process rights by denying his request to admit late-filed documentary evidence and by refusing to wait for the dentist's telephonic testimony. Therefore, we will deny the Government's motion to dismiss.

waived." Id. Notably, however, "it is a matter of concern when an IJ's strict adherence to the established time limit prevents a petitioner from presenting his case." Dedji, 525 F.3d at 192 (citing Galicia v. Gonzales, 422 F.3d 529, 539 (7th Cir. 2005)). Thus, "where an alien has demonstrated good cause for the failure to timely file documents and a likelihood of substantial prejudice from enforcement of the deadline, an IJ may, in the exercise of his informed discretion, depart from the deadline imposed by the relevant local rules." Id.

On September 28, 2007, Loja's attorney filed a motion to adjourn a merits hearing that was scheduled for October 9, 2007, asserting that she needed more time to submit documents supporting the "extensive dental treatment" that Erica was undergoing. The IJ granted that motion and a hearing was scheduled for July 3, 2008. Seven days before that date, however, Loja's attorney submitted a Motion to Accept Late-Filed Evidence. Along with the motion, Loja's attorney provided the witness list and documentary evidence, including an undated letter and a June 3, 2008, email from Erica's dentist. The IJ denied the Motion and refused to admit the proffered documents into evidence, marking them for identification purposes only.

We conclude that no abuse of discretion occurred here because Loja has not demonstrated good cause for failing to timely submit the evidence. Loja does not contend that the documents he sought to have admitted were unavailable in advance of the filing deadline. See Hassan v. Gonzales, 403 F.3d 429 (6th Cir. 2005) (holding that there was not good cause for failing to comply with filing deadline where alien "had

more than eight months since he first filed his asylum application to procure" relevant letter). Moreover, there is no claim that Erica's dental problems became significantly worse during the 10 days prior to the hearing. Cf. Dedji, 525 F.3d at 192-93 (finding abuse of discretion in IJ's refusal to consider corroborative evidence, where the attorney's failure to timely submit the documents was the result of a fire at her office).

In addition, we discern no abuse of discretion in the IJ's refusal at the hearing to continue to wait on the telephone for the dentist to become available. The dentist's name was on the witness list submitted after the filing deadline. Nevertheless, the IJ did attempt to contact the dentist by telephone. The IJ waited on hold until a receptionist came on the line and stated that the dentist was with a patient. The IJ then waited on hold "several minutes" before rendering the oral decision. We conclude that this was not improper Cf. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003) (holding that an IJ has wide discretion to grant or deny a request for a continuance).

For the foregoing reasons, we will deny Loja's petition for review.[2]

---

[2] The Government's motion to dismiss is denied.